OPINION
{¶ 1} State Farm Mutual Automobile Insurance Company ("State Farm") is appealing the summary judgment granted on behalf of Clancy Wyatt and Betty Roush. State Farm assigns two errors for our consideration: *Page 2 
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S CONTRIBUTION CLAIM WHEN THE RELEASE EFFECTIVELY DISCHARGED THE COMMON LIABILITY OF APPELLEES.
 II. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT WHEN A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER APPELLEES CLANCY WYATT AND BETTY ROUSH WERE AGENTS OF THE BUSINESS KNOWN AS OHIO TREE TRANSPLANT COMPANY.
 {¶ 2} The facts of this case are fairly straightforward. On May 2, 2006, Brandon Swisher, who was insured by State Farm, rear-ended a vehicle driven by Ronald Cooper. Cooper had stopped suddenly when a construction vehicle owned by Ohio Tree Transplant Company pulled into the roadway in front of Cooper's vehicle.
 {¶ 3} State Farm settled its financial obligation with respect to Cooper, and obtained a release. This release also included a release of Ohio Tree Transplant Company and its agents.
 {¶ 4} A little over one year after the settlement, State Farm sued Ohio Tree Transplant Company and its owners, Clancy Wyatt and Betty Roush, alleging that the company was negligent, and that the company's negligence was partially responsible for the collision in which its insured rear-ended Cooper. Both State Farm and the defendants in this lawsuit filed motions for summary judgment. The trial court granted summary judgment to the named defendants.
 {¶ 5} The argument on behalf of Wyatt and Roush, the owners of Ohio Tree Transplant Company, that persuaded the trial court was that since Wyatt and Roush were not specifically mentioned by name in the release, the release did not include them. If *Page 3 
Wyatt and Roush had not been released, in theory, Cooper could have sued them himself. But since they had not been released from liability, they argued, Ohio's statute on contribution from joint tortfeasors (R.C. 2307.25) did not allow State Farm to sue them.
 {¶ 6} At common law, a general unqualified release extinguished the right of action against all those jointly liable for the same wrong.Whitt v. Hutchison (1975), 43 Ohio St.2d 53, 56. Both the courts and the legislature recognized the injustices of this traditional rule, which is why the General Assembly has enacted a series of statutes that modify the common law rule. Under current Ohio law, a joint tortfeasor who has paid more than its proportional share of the common liability may bring a contribution claim against any other tortfeasors who are jointly and severally liable for the injury. See R.C. 2307.25(A). To do so, the settling tortfeasor must first obtain a release of the common liability for all the tortfeasors. See R.C. 2307.25(B). To be an effective release, it must "expressly designate by name * * * or otherwise specifically describe or identify any tortfeasor to be discharged."Beck v. Cianchetti (1982), 1 Ohio St.3d 231, 235.
 {¶ 7} The release at issue in this case included the following parties: "Franciska Swisher, Ronald Swisher, and Brandon Swisher and Ohio Tree Transplant Co. their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable[.]" (Appendix to Appellant's Brief, at A.)
 {¶ 8} The issue before us turns on the question of whether the owners of an unincorporated business are agents of that business for purposes of a release, such as that obtained by State Farm. We hold that the owners of an unincorporated business are, *Page 4 
in fact, agents of the business for purposes of a release that expressly indicates that agents of the business and the business itself are covered by the release.
 {¶ 9} Our holding today is not inconsistent with this court's earlier case of Gen. Accident Ins. Co. v. Chrysler Indus., Inc. (July 16, 1991), 10th Dist. No. 91AP-172. In that case, the insurance company seeking contribution obtained a general release which did not include Chrysler Industries by name, nor did it specifically name any agent or shareholder of the corporation. The trial court held (and this court affirmed) that based on Beck, the release was not sufficient to release the shareholders of Chrysler Industries, Inc. Thus, the release did not meet the requirements of former R.C. 2307.32, which are now set forth in R.C. 2307.28.
 {¶ 10} Generally, shareholders are not considered agents of a corporation based upon their status solely as shareholder. A partnership, however, is not a separate legal person in the way a corporation is considered to be. A partnership historically is the people or entities which make up the partnership. Partners are agents of the partnership and are the means by which the partnership acts.
 {¶ 11} In light of the foregoing, we sustain the first assignment of error. This ruling renders the second assignment of error moot. We therefore vacate the judgment of the common pleas court and remand the case for further appropriate proceedings.
Judgment vacated and remanded for further proceedings.
McGRATH and SADLER, JJ., concur. *Page 1